J. E. ADAMS, Appellant, v. J. A. CRAIG, Appellee.

**Resulting trusts:** EVIDENCE. In this action to establish a resulting trust in land in favor of a son, the legal title to which was in his parents, on the ground that the son furnished the money for the purchase of the land with the understanding that the same was to be his property, the evidence is held insufficient to establish the trust.

VOL. 148 IA.—45.

*Appeal from Lee District Court.—HON. W. S. WITHROW, Judge.*

MONDAY, OCTOBER 24, 1910.

ACTION in equity to establish a resulting trust in a certain house and lot in the city of Keokuk. There was a decree for defendant. Plaintiff appeals.—*Affirmed.*

*F. T. Hughes* and *E. L. McCoid,* for appellant.

*J. E. Craig* and *Theodore A. Craig,* for appellee.

EVANS, J.—The plaintiff is the son of James R. Adams and America Adams, who are people of little knowledge and no means. This son was a kind and industrious boy, who found employment in Seattle more than twenty years ago, and who has continued there ever since, and who has affectionately contributed to the support of his father and mother throughout those years. Out of the moneys so remitted by the son the mother frugally and persistently saved a little from time to time and hid her treasure in the ground until it amounted to $125. She had a desire for a home of her own, and this furnished the motive of her self-denial. She found for sale a little place at a price of $200, and she bought it, paying $125, and executing her note and mortgage back for the balance of the purchase price. In time the $75 balance was also paid, and the home and the sky above it were both clear. And then the defendant appeared as a dark cloud in the blue. He was a creditor who had obtained a judgment by default against the couple on an old debt antedating the acquisition of the homestead. He levied an execution upon the little home and took it. Thereupon this action was brought in behalf of the son to impress a trust on the property in his favor on the theory that it was purchased with his money  The claim

of counsel for appellant is that the son sent this money for the purpose of buying this home, and that the intention was that the title should be taken in his name, but that either for convenience or through inadvertence it was taken in the name of America Adams, his mother. Unfortunately the record is barren of evidence in support of this special claim. The plaintiff was not present in person during any of the negotiations for the purchase of the property.

Whatever understanding he had with his parents was expressed through correspondence between them. Under persistent objections of defendant's counsel, the plaintiff's counsel persisted in proving such alleged understanding by the oral testimony of the parties. Not a line of any letter was offered in evidence, nor was any pretense of foundation laid for the introduction of secondary evidence. Defendant's objections to this line of evidence as made in the court below are presented in the record before us and are urged upon our attention, and we can not ignore them. Even if such objections were not urged, we think it must be said that the evidence fails to show that there was any special understanding that the money sent by the plaintiff to his parents was to remain his money. On the contrary, it seems to have been sent generously for their general support, and it became their property as soon as received. The case has its pathetic features, and impresses us as one of great hardship. We would gladly reach a different result if the record warranted it. We dare not enter into the field of speculation as to the larger moralities involved in this kind of a transaction. For aught that appears in this record, the poverty of the creditor may have been as pressing as that of the debtor. It would seem that nothing less would induce a creditor to levy upon a $200 home. If, however, the fact be otherwise, and if the quality of pity has been spurned, we are as helpless as the debtors themselves. The law awards the property to the creditor,

and we have no power of mercy or of retribution. Such power is vested in a higher tribunal.

The decree entered below must be affirmed here under the law. Appellant's motion to strike additional abstract and argument of appellee must be also overruled.—*Affirmed*.